UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Michael J. Tchida,

Plaintiff,

vs. **PRETRIAL NOTICE AND ORDER**

Conopco, Inc., d/b/a
Unilever Best Foods North
America,

Defendant. Civ. No. 01-1730(JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 4th day of December, 2001.

* * *

In accordance with the provisions of Rules 16 and 26 of the Federal Rules of Civil Procedure (as amended and made effective as of December 1, 1993), and in conformity with the Civil Justice Reform Act Implementation Plan for the District of Minnesota, which was adopted by Order dated August 23, 1993, a Pretrial Conference in the above-entitled case is set for **11:00 a.m., on Tuesday, January 15, 2002**, before United States Magistrate Judge Raymond L. Erickson, in Chambers, Room No. 412, United States Courthouse, 515 West First Street, Duluth, Minnesota, and, to facilitate matters, it is --

ORDERED:

(3)

FILED DEC 04 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK mjb

1. Unless otherwise directed, counsel for the parties shall confer no later than fourteen (14) days prior to the date of the Pretrial Conference for the purpose of:

a. Preparing an agenda of matters to be discussed at the Pretrial Conference.

b. Preparing a joint proposed Pretrial Schedule for the case that shall include a plan for discovery setting forth specific parameters for anticipated discovery, including the number of depositions, the volume of documents expected to be produced, the volume of written discovery, and the extent of expert discovery.

c. Preparing a joint plan to control excessive litigation costs and delays. Such a plan shall include such matters as focusing the initial discovery on preliminary issues that might be case dispositive, instituting document control and retrieval mechanisms to contain costs, stipulating to facts to eliminate unnecessary discovery, adopting procedures for orderly discovery, and scheduling alternating periods for party

discovery and any other matters counsel may agree upon to control excessive litigation costs and delays.

d. Considering whether or not they will consent to trial by a Magistrate Judge. [**CONSENT FORM ATTACHED**]. If consent is given, specify date certain trial setting. [**Date is subject to confirmance by the Magistrate Judge's calendar clerk.**]

e. Preparing a schedule to submit to the Magistrate Judge for the Pretrial Conference which sets forth suggested time periods for fact discovery, for the joinder of parties and for expert discovery; cut-off dates for both dispositive and nondispositive Motions; and a trial readiness date.

2. After counsel have met and conferred on the matters set forth above, they will submit a joint statement setting forth each of the matters agreed upon at least **three (3) business days** prior to the Pretrial Conference. To the extent that counsel have not agreed upon any of the items set forth in Paragraph 1 above, then each party shall submit its own proposal for each item for review by the Magistrate Judge.

3. In addition to the foregoing, at least three (3) days prior to the Pretrial Conference, the Defendant(s) shall advise the Plaintiff(s) of any applicable insurance coverage and the limits of the same, and the Plaintiff shall provide a listing of all pertinent treating physicians, if any, and duly executed Medical Authorizations. Each party shall also submit, by no later than **three (3) business days** prior to the Pretrial Conference, **an original and two (2) copies** of a concise statement of the party's version of the facts of the case; a listing of particularized facts which support the claimed liability or defenses, including any applicable statutes as identified by number; and an itemization and explanation of any claimed damages.

4. In addition, subjects contemplated by Rule 16(c), Federal Rules of Civil Procedure, will be discussed. Without limiting the generality of the foregoing, in advance of the Pretrial Conference the parties should consider: 1) Limitations and restrictions on expert testimony; 2) The appropriateness and timing of Summary Judgment; 3) The control and scheduling of discovery; 4) Resort to alternative dispute resolution techniques; 5) Reasonable limits on the time allowed for presenting evidence at trial; and 6) **COUNSEL ARE EXPRESSLY DIRECTED TO SERIOUSLY DISCUSS SETTLEMENT AT THE TIME OF THE "MEET AND CONFER." THE RESULTS OF THAT DISCUSSION SHALL BE**

**REPORTED TO THE COURT AT THE TIME OF THE INITIAL PRETRIAL CONFERENCE.**

5. Following the Pretrial Conference, an Order establishing a schedule for all Pretrial proceedings, and such other matters as contemplated by Rule 16, shall be entered.

6. This Pretrial Conference will not be continued pursuant to an agreement of counsel or by informal application. A continuance will be granted **only** for good cause shown upon formal Motion served and filed in accordance with the Rules of Civil Procedure and the Local Rules. The right to act upon such a Motion, ex parte, if circumstances so warrant, is reserved.

7. Counsel's attention is specifically drawn to the provisions of Rule 16(f), Federal Rules of Civil Procedure.

8. **Counsel's attention is also drawn to the attached Pretrial Schedule Form which is to be followed in submitting the Proposed Joint Pretrial Schedule.**

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Plaintiff,

vs. PRETRIAL ORDER

Defendant. Civ. No. 01- (JMR/RLE)

* * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this _____ day of ___________, 2002.

* * *

Pursuant to Pretrial Conference convened on ______________, 2002, and in accordance with provisions of Rule 16, Federal Rules of Civil Procedure, to administer the course of this litigation in a manner which promotes the interests of justice, economy and judicial efficiency, it is --

ORDERED:

I.

That all pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **[INSERT DATE]**. The period during which the parties may conduct discovery shall terminate on **[INSERT DATE]**. Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by

the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Schedule. No further or additional discovery shall be permitted after the above date except by leave of the Court for good cause shown, and agreements between counsel which contravene the provisions of this Schedule will not be recognized. However, upon agreement of counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

II.

That all Motions which seek to amend the pleadings or add parties must be filed and the Hearing thereon completed on or before **[INSERT DATE]**.

III.

That all other nondispositive Motions shall be filed and the Hearing thereon completed prior to **[INSERT DATE]**, by calling Victoria L. Miller, Calendar Clerk for Magistrate Judge Raymond L. Erickson. All nondispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(a). No discovery Motion shall be heard unless the moving party files with the Motion the statement required by Local Rule 37.1 and complies with the requirements of Local Rule 37.2.

IV.

That no more than **[INSERT NUMBER]** Interrogatories (counted in accordance with Rule 33(a), Federal Rules of Civil Procedure), shall be served by any party.

V.

That no more than **[INSERT NUMBER]** depositions (excluding expert depositions) shall be taken by any party without prior Order of the Court.

VI.

That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial. Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written report prepared and signed by the witness. As required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, the report shall contain:

a. The qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years;

b. The compensation to be paid for the study and testimony;

c. A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

d. A complete statement of all opinions to be expressed and the basis and reasons therefor;

e. The data or other information considered by the witness in forming the opinions; and

f. Any exhibits to be used as a summary of or support for the opinions.

The Plaintiff's disclosures shall be made on or before **[INSERT DATE]**. The Defendant's disclosures shall be made on or before **[INSERT DATE]**.

VII.

That the parties [**do**] [**do not**] contemplate taking expert depositions. No more than **[INSERT NUMBER]** experts may be deposed by any party without prior Order of the Court.

VIII.

That each party shall fully supplement all discovery responses according to the Federal Rules of Civil Procedure. Any evidence responsive to a discovery request which has not been disclosed on or before that date, except for good cause shown, shall be excluded from evidence at trial.

IX.

That all dispositive Motions shall be filed and the Hearing thereon completed prior to **[INSERT DATE]**. All dispositive Motions

shall be scheduled, filed and served in compliance with Local Rule 7.1(b). Counsel are forewarned that six to eight weeks advance notice is necessary to place a dispositive Motion on the calendar.

X.

That this case shall be ready for trial on **[INSERT DATE[1] -this date should be the same as the date in Paragraph IX]**, or 30 days after the Court renders its Order on any dispositive Motion (whichever is later), at which time the case will be placed on the Court's [**Jury**] [**non-Jury**] trial calendar.

BY THE COURT:

________________________________
Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

[1]**THIS DATE IS NOT A TRIAL SETTING DATE.** The parties will be notified by the Calendar Clerk of the assigned Judge to a case by way of a Notice of Trial as to when this case will be placed on the Trial Calendar. The above date is merely a notice to all parties to consider the case ready for trial as of this date. **DO NOT PREPARE FOR TRIAL UNTIL NOTIFIED.**